**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | No. 21-12210-amc |
| JOHN MACINTOSH. | : | Chapter 13 |
| Debtor | : | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

1. Movant, Hatboro Federal Savings ("Movant"), has a first lien on the property known as 683 Whittier Drive, Warminster, Bucks County, Pennsylvania 18974 (hereinafter referred to as the "Property") which was pledged as security for repayment of a debt.

2. Debtor, John MacIntosh ("Debtor"), purports to be an owner of the Property.

**BACKGROUND**

**DEED/HISTORY OF THE PROPERTY/MORTGAGE**

3. Amy and Leslie Kennedy purchased the Property in March, 1997.

4. Leslie Kennedy passed away on April 14, 2003, thus resulting in the sole ownership of the Property by Amy Kennedy, also now known as Amy Weber (hereinafter "Weber").

5. On January 19, 2011, Weber entered into a Home Equity Line of Credit Agreement ("Agreement") for a maximum credit line of $75,000.00 with Hatboro Federal Savings, which was secured by an Open End Mortgage ("Mortgage") on the Property.

6. On July 12, 2011, Weber and Movant agreed to extend the credit limit to $150,000.00 via a Credit Extension Agreement (hereinafter "CEA"). Attached and incorporated herein as Exhibit A are true and correct copies of the Agreement, Mortgage and CEA.

7. The Agreement provides in the section entitled "Borrower's Material Obligations" as follows:

1765909-1

    a.    "(h) Borrower will not sell, give or transfer ownership of the Mortgaged Property or any right therein, or permit such sale, or transfer, in whole or in part, without Lender's prior written consent, unless under applicable law Lender's consent is not required."

    b.    "(i) Borrower will not commit fraud or make any misrepresentations in connection with the Account, any personal financial statements, appraisals, or other information provided to Lender during the term of the Account."

8. The Agreement further provides in the section entitled "Termination upon Default"

"Borrower will be in default and the Account will Terminate effective upon Lender's Notice to Borrower, if any of the following occurs:…(e) Borrower sells, gives away, transfers, or takes any action (or fails to take any action) which causes or allows conveyance of the Mortgaged Property, or any part thereof or interest therein unless under applicable law Lender's consent is not required."

9. On April 17, 2017, Amy Weber fraudulently conveyed the Property by deed for $1.00 to herself, Marie MacIntosh and John MacIntosh.

10. Movant was not notified of the deed transfer, nor was any such transfer approved by Movant at all, much less in writing, as specified in the Mortgage.

11. The Deed is null and void.

12. The debt secured by the Property is/was declared in default, and, as a result, Movant filed a foreclosure action in the Court of Common Pleas of Bucks County docketed at 2019-05938.

13. The Defendants named in the Bucks County foreclosure action are Amy Weber, Debtor and Marie MacIntosh. A true and correct copy of the Bucks County docket is attached hereto as Exhibit B.

1765909-1

14. Debtor was named as a Defendant in the foreclosure action, along with Debtor's spouse, Marie MacIntosh, because Debtor was listed on the Deed after the above-referenced fraudulent conveyance.

15. A judgment was entered in the amount of $175,511.91 in favor of Movant (hereinafter referred to as the "Judgment") on March 1, 2021.

16. A Writ of Execution was filed in the foreclosure action and the Property was scheduled for Sheriff Sale on August 13, 2021.

17. Debtor is not lawfully listed on the Deed to the Property, and Movant does not have any contract with Debtor.

18. Bizarrely, Debtor lists debts owed to Movant in Debtor's schedules and among his expenses, despite never having applied for, nor received, a loan from Movant.

### THE EXPENSES OF THE PROPERTY HAVE NOT BEEN PAID

19. Essentially, Debtor participated in the fraudulent conveyance of the Property, failed to pay the debt on the Property, then declared bankruptcy to preclude Movant from rightfully taking the collateral Movant established with the owner of the Property (Amy Weber).

20. Despite not having any legitimate legal interest in the Property, if it is determined, *arguendo*, that Debtor has an interest in such Property along with Amy Weber, then, in such case, Debtor is required to keep current on the mortgage payments, and all expenses, which has not occurred. As homeowner's insurance was not maintained on the Property, Movant was required to use "force-place" homeowner's insurance for the last three years.

21. Over the past three years, municipal liens have also accrued against the Property in the amount of approximately $5,103.86, for unpaid trash fees and school taxes, including the recent filing of a Writ of Scire Facias by Warminster Township. Attached and incorporated herein as

Exhibit C are the Bucks County docket entries showing the liens and Writ of Scire Facias entered against the Property.

22. These liens are a threat to Movant's interest in the Property.

23. All taxes are required to be paid for the Property, as well as maintaining insurance under the Agreement. See Agreement P. 2: "Borrower's Material Obligations."

24. Movant discovered that the taxes and insurance were not being paid on the Property and proceeded with the foreclosure action.

25. Movant has had to pay several years' worth of real estate taxes for the Property.

## ARGUMENT

### THE FRAUDULENT TRANSFER OF THE PROPERTY WAS/IS A CLEAR BREACH OF THE AGREEMENT AND CANNOT OPERATE TO RESTRICT MOVANT'S RIGHTS

26. A party in interest may seek relief from the Automatic Stay as a result of the lack of protection of the party's interest in Property is under 11 U.S. 632(d)(4)(1).

27. Movant is a party in interest because Movant is an actual creditor and mortgagee. *In re Donaghy*, 2019 Bankr. LEXIS 1050, *7 (citing *In re Alcide*, 450 B.R. 526 (Bankr. E.D. Pa. 2011)).

28. Movant's interest in the Property is in real danger due to Debtor's failure to maintain homeowner's insurance and pay the real estate taxes for the Property, and, as such, Movant is entitled to relief from the Automatic Stay.

29. The actual owner of the Property (Amy Kennedy, a/k/a/ Amy Weber), and only signatory to the line of credit and mortgage, has not filed bankruptcy.

30. Debtor does not own the Property as any such alleged interest was obtained fraudulently and in clear violation of the Agreement.

31. Movant does not have any signed loan documents from Debtor as Debtor did not own the Property when the loan was originally obtained by Amy Weber.

32. Movant seeks relief from the Automatic Stay pursuant to 11 U.S. 632(d)(4)(1).

**WHEREFORE**, Movant prays this Court issue an Order granting the following:

1. Immediate relief from the Automatic Stay as to Movant;

2. Allowing Movant to proceed under applicable non-bankruptcy law to enforce its remedies via Sheriff's Sale of the Property.

**TIMONEY KNOX, LLP**

By: _____
John J. McAneney, Esquire
Elena M. Baylarian, Esquire
Attorneys for Movant,
Hatboro Federal Savings Bank

Dated: _10/15/21_____

1765909-1