**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | No. 21-12210-amc |
| JOHN MACINTOSH. | : | |
| | : | Chapter 13 |
| Debtor | : | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
**FOR FAILURE TO MAKE POST PETITION PAYMENTS**

1. Movant, Hatboro Federal Savings ("Movant"), has a first lien on the property known as 683 Whittier Drive, Warminster, Bucks County, Pennsylvania 18974 (hereinafter referred to as the "Property") which was pledged as security for repayment of a debt.

2. Debtor, John MacIntosh ("Debtor"), purports to be an owner of the Property.

**BACKGROUND**

**DEED/HISTORY OF THE PROPERTY/MORTGAGE**

3. Amy and Leslie Kennedy purchased the Property in March, 1997.

4. Leslie Kennedy passed away on April 14, 2003, thus resulting in the sole ownership of the Property by Amy Kennedy, also now known as Amy Weber (hereinafter "Weber").

5. On January 19, 2011, Weber entered into a Home Equity Line of Credit Agreement ("Agreement") for a maximum credit line of $75,000.00 with Hatboro Federal Savings, which was secured by an Open End Mortgage ("Mortgage") on the Property.

6. On July 12, 2011, Weber and Movant agreed to extend the credit limit to $150,000.00 via a Credit Extension Agreement (hereinafter "CEA"). Attached and incorporated herein as Exhibit A are true and correct copies of the Agreement, Mortgage and CEA.

7. On April 17, 2017, Amy Weber fraudulently conveyed the Property by deed for $1.00 to herself, Marie MacIntosh and John MacIntosh.

1788887-1

8. The debt secured by the Property is/was declared in default, and, as a result, Movant filed a foreclosure action in the Court of Common Pleas of Bucks County docketed at 2019-05938.

9. A judgment was entered in the amount of $175,511.91 in favor of Movant (hereinafter referred to as the "Judgment") on March 1, 2021.

10. A Writ of Execution was filed in the foreclosure action and the Property was scheduled for Sheriff Sale on August 13, 2021, however, as a result of Debtor's bankruptcy filing that Sheriff's Sale did not occur and the Property is scheduled for the December 10, 2021 sale.

11. While it is Movant's position that the April 17, 2017 transfer of the Property was fraudulent, Debtor claims ownership of the property and the debt.

12. With ownership of property and debt, Debtor has an obligation regarding post-petition payments to Movant.

13. Debtor has not remained current on payments to Movant while in bankruptcy. Debtor only made partial payments to Hatboro Federal Savings since filing the Bankruptcy Petition.

14. Movant hereby Motions this Honorable Court for relief from the Automatic Stay for Debtor's failure to make ongoing Post-Petition payments for the Agreement under 11 USC 362(d).

**WHEREFORE**, Movant prays that this Court issue an Order granting the following:

1. Immediate relief from the Stay as to Movant;

2. Allowing Movant to proceed under applicable non-bankruptcy law to enforce its remedies to proceed with the Sheriff's Sale of the Property.

                    **TIMONEY KNOX, LLP**

By: *[signature]*
John J. McAneney, Esquire
Elena M. Baylarian, Esquire
Attorneys for Movant,
Hatboro Federal Savings Bank

Dated: __10/15/21_____

1788887-1