**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE:  JOHN MACINTOSH, | : | CHAPTER 13 |
| | : | |
| DEBTOR(S). | : | CASE NO.: **21-12210-amc** |
| | : | |
| | : | |

## OBJECTION TO PROOF OF CLAIM No. 9

John Macintosh, through his attorney, Michelle Lee of Margolis Edelstein, files the following Objection to Proof of Claim no. 9 and avers as follows:

1. Lender, Hatboro Federal Savings filed Proof of Claim no. 9 for $187,058.63.  Lender claims that Debtor is $37,848.40 in arrears.  A copy of Proof of Claim no. 9 is attached as Exhibit "A".

2. Debtor objects to the proof of claim as the claim is incomplete.

3. The claim fails to state, for example, the "amount incurred" by date.  The "fees/charges" balance is not clear how the fees accrue.

4. Of import, Debtor disputes the alleged amount owed.

5. By way of background, lender sent an Act 91 notice on 3/5/2019. A copy of the Act 91 is attached as Exhibit "B".

6. The total amount owed as of 3/5/19 was $2,829.15. This figure included late fees and other expenses. Notably, the section under to "Cure 'Other Default'" is blank.

7. The Act 91 never disclosed that taxes and insurance payments were owed.

8. The Act 91 failed to state that the loan was in default because of an alleged fraudulent transfer.

9. The Act 91 only claimed that the loan was 5 months in default.  However, POC no 9 does not list the 5 months of default. Instead, the claim starts with April 2019 when lender received $2,400.

10. Additional payments made prior to April 2019 and the $2,400 cured the default as stated in the Act 91.

11. As proof, the proof of claim states that the account was contractually current by April 2019. Moreover, a portion of the $2,400 went to the only outstanding fees and charges disclosed of $128.64.

12. Lender was required to issue a new Act 91 notice for a subsequent default. Therefore, the foreclosure is void.

13. Similar to the deficient Act 91, the mortgage statements never disclosed legal fees and an old tax payment and insurance payment allegedly made by lender totaling approximately $35,608.77.

14. Failure to provide adequate notice violates due process.

15. The account has several other accounting inconsistencies.

16. For example, debtor made a lump sum payment of $3,500 in 9/2019.

17. Pursuant to POC no 9, $3338.65 went to interest even though debtor's payment was only $385 per month. Similar accounting irregularities exist on the POC.

18. Based on the above, Lender's claim is inaccurate.

19. Debtor further disputes the tax and insurance claim of $11,403.34 and $5,092.38 respectively. The POC fails to state the dates the payments were made. Debtor seeks an accounting of whether payments made were applied to satisfy these fees since the Act 91 and the POC fails to state the debt. See, Exhibit "A" at page 5 and Exhibit "B" at pages 3-4.

20. Lender further claims prepetition attorney fees of $15,881.61. Debtor disputes these fees and will be seeking discovery as the fees are unreasonable based on the record, on the inaccurate information in the Complaint and proof of claim, and on the standards in the industry.

21. Debtor disputes the expenses of $3,027.39. The fees are not itemized.

22. Upon further discovery, debtor reserves right to amend the objection, including the issue related to the alleged fraudulent transfer.

Based on the above, Debtor requests that the Objection to Proof of Claim No. 9 be granted.

Respectfully Submitted,

/s/ Michelle Lee
Michelle Lee, Esquire
Margolis Edelstein
170 S Independence Mall W Ste 400E,
Philadelphia, PA 19106